# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**NEYSHA QUILES MEJIAS, et al.**

    **Plaintiffs,**

                v.                        **CIVIL NO. 13-1880 (PAD)**

**BANCO POPULAR DE PUERTO RICO, et al.**

    **Defendants.**

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiffs initiated this action on their behalf and on behalf of other similarly situated individuals against Banco Popular de Puerto Rico, Popular Inc., Banco Popular North America n/k/a Popular Community Bank, Carlos J. Vázquez and Richard Carrion ("BPPR"), claiming entitlement to compensation for time worked under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Puerto Rico Wage Payment Statute, P.R. Laws Ann. tit. 29 § 271, *et seq.* Id. at ¶¶ 8-11.[1] Before the Court is plaintiffs' "Motion to Conditionally Certify a Collective Action and Facilitate Notice Pursuant to 29 U.S.C. § 216(b) & Request for Oral Argument" (Docket No. 43). For the reasons discussed below, the Court grants plaintiffs' request for conditional certification and denies as unnecessary their request for oral argument.

---

[1] From the complaint, plaintiffs are former hourly employees of BPPR. Nydia Nieves worked as a hostess for BPPR at its branch located in Toa Alta, Puerto Rico, and was typically scheduled to work five (5) days per week and 40 hours per week (Docket No. 45, Exh. 1 at ¶¶ 1 and 4). Plaintiff Janise Resto worked as a bank teller for BPPR at its branches located in West Bayamón, Grande Dorado, Dorado Pueblo, Toa Alta and Toa Baja, Puerto Rico (Docket No. 45, Exh. 2 at ¶ 2). She claims was typically scheduled to work 5 days per week and 40 hours per week. Id. at ¶ 4. Neysha Quiles Mejias was also a bank teller for BPPR at its branch located in San Juan, Puerto Rico and was typically scheduled to work 5 days a week and 20 hours a week (Docket No. 45, Exh. 3 at ¶¶ 2 and 4). Plaintiffs voluntarily dismissed their claims against Banco Popular North America n/k/a Popular Community Bank and Carlos J. Vázquez without prejudice (Docket No. 31).

## I.   BACKGROUND

Plaintiffs claim BPPR implemented a company-wide practice across all of its Puerto Rico branches forcing hourly employees to work before and after their shifts, without recording or compensating them for that time (Docket No. 3).[2] They allege the unpaid time worked by each plaintiff is substantial, and posit that defendants knew of this situation but failed to properly pay plaintiffs for all time actually worked. Id. at ¶¶ 19-28.

Plaintiffs have moved for an Order to conditionally certify this case as a collective action and facilitating notice pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who were employed or are currently employed by BPPR in Puerto Rico and the U.S. Virgin Islands as hourly paid, non-exempt, bank tellers or other similarly titled positions at any time during the relevant limitations period (Docket No. 43). They also sought approval for a proposed "Notice and Opt-In Consent Form," and requested an order for defendants to "produce a computer-readable data file containing the names, addresses and telephone numbers of such potential, opt-in members so that notice may [be] issued" (Docket No. 45 at p. 11). BPPR has opposed plaintiffs' motions (Docket No. 47).

## II.   STANDARD OF REVIEW

Pursuant to the FLSA, an employee may bring suit against an employer on his or her own behalf and on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b). Neither the Supreme Court nor the First Circuit has addressed the exact contours of the concept of "similarly situated." Other Circuits have not drawn bright lines for determining whether employees are "similarly situated" either. The general practice of district courts within the First Circuit, has been

---

[2] One additional aggrieved employee, Marjorie J. Diaz-León, filed an Opt-in Consent Form to participate in this action (Docket No. 45, Exh. 5).

to adopt a 'two-tiered' approach to certification of collective actions under the FLSA. See, Pérez v. Prime Steak House Restaurant Corp., 959 F.Supp.2d 227, 231 (D.P.R. 2013) (so noting).

The first stage is known as the "notice stage." In this stage, "the Court relies upon the pleadings and any affidavits to determine, under a 'fairly lenient standard,' whether the putative class members 'were subject to a single decision, policy, or plan that violated the law.'" Id. Other courts have variously described the first stage as "not particularly stringent," "fairly lenient," "flexible," and "not heavy." Johnson, 802 F.Supp.2d at 234 (so noting). At the second stage, which takes place after discovery, "a defendant may move for de-certification if the plaintiffs are shown not to be similarly situated." Id.

From that perspective, this case is in the notice phase. As such, plaintiffs carry the burden of showing "similarly situated" putative-class members. Pérez, 959 F.Supp.2d at 231. To do so, they must make "a *minimal* factual showing that (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit" (emphasis added).

### III.   DISCUSSION

A careful evaluation of the pleadings and the documents attached to plaintiffs' motion confirms plaintiffs have met their burden of showing a *reasonable* basis from which the Court can conclude that aggrieved individuals employed at BPPR's different branches exist. There is enough material to infer that plaintiffs performed similar uncompensated, pre and post shift job duties. Their statements point towards similar employment experiences and observations involving activities constituting compensable work. The fact that they do not have identical job duties or pay provisions do not alter this conclusion. See, Prescott v. Prudential Ins. Co., 729 F.Supp.2d

362, 363 (D.Md. 2010) (noting that courts typically look to whether employees have similar (not identical) job duties and pay provisions and are victims of a common policy or plan that violated the law, to determine whether the first prong is met).

More specifically, the complaint and statements under penalty of perjury made by Nieves, Crespo and Quiles include information about their duties and responsibilities as hourly workers, and the various activities constituting work not recorded nor compensated by BPPR. They have sufficiently shown that they and other employees, with similarly but not necessarily identical jobs, were subjected to a shared work experience: BPPR's failure to record, compensate or account for all the time that plaintiffs worked pre and post shifts.

As to pre-shift time, plaintiffs claim BPPR uniformly instructed plaintiffs to "clock in" only after they had completed numerous pre-shift tasks. The time devoted to pre-shifted actions was not recorded by BPPR and, thus, was not paid. Correspondingly, at the end of the shift plaintiffs had to "clock out" after concluding a schedule but were not permitted to leave the premises until, i.e., their cash drawer was balanced and fully reconciled. Similar examples have been provided as to the purportedly inaccurate compensation/registration of lunch time. In line with those allegations and exhibits, the Court is satisfied that plaintiffs have met the threshold of showing both aggrieved individuals and similarly-situated persons sufficient to be considered class members.

BPPR has submitted brief summaries of the plaintiffs' work for BPPR three years before the complaint, to show the amount of hours worked by them and prove that they did not work weekly overtime or the highest reported weekly hours. But it is precisely the lack of adequate recording or compensation of tasks performed off-the-clock by plaintiffs what is being questioned. Records showing the amount of hours documented by BPPR serve no purpose at this stage.

BPPR included 32 declarations from non-exempt brand employees discussing their experiences at a variety of branches and four declarations from exempt employees who previously managed or supervised a named or opt-in plaintiff, to show that "their collective testimony" reflects BPPR's "efforts to comply with the FLSA's (and Puerto Rico's) overtime provisions and the conspicuous absence of any company-wide policies or plans of the type alleged by plaintiffs." The problem with BPPR's proposition is two-fold.

First, plaintiffs' claims of uncompensated work performed off-the-clock by them is not limited to time that should have been paid at overtime rate. Second, the documents that BPPR has presented to discredit plaintiffs' contentions, attack the merits of their suit and challenge the viability of their legal theory. But that is beyond the scope of the pending motion, since at this early stage of the litigation, the Court does not made credibility determinations or reach the merits of plaintiffs' claims. Cunningham v. Electronic Data Systems Corp., 754 F.Supp.2d 638, 644 (S.D.N.Y. 2010). Whether plaintiffs were adequately compensated for all the time worked, is anything but clear at this juncture. This fact will be developed in discovery so that the Court may make a sound determination on this and other elements if defendants move for decertification of the class.

Even though many courts require identification of other similarly situated employees who are truly interested in joining the putative class before granting conditional certification, courts have acknowledged this requirement may implicate a potential "chicken and egg" problem in that requiring an FLSA plaintiff who does not know the identities of the members of the proposed class to provide information about class members' desire to opt in could require the plaintiff to produce the very information that he or she sought to obtain through conditional certification and notice. Johnson, 802 F.Supp.2d at 237-238; Pérez, 959 F.Supp.2d at 232, n. 4;  Wise v. Patriot Resorts

Case 3:13-cv-01880-PAD   Document 81   Filed 02/18/15   Page 6 of 7

Quiles Mejías, et al. v. Banco Popular de Puerto Rico. et al.
Civil No. 13-1880 (PAD)
Opinion and Order
Page 6

Corp., 2006 WL 6110885, *1 (D.Mass. 2006) ("[I]t is unrealistic to expect a party to consider whether to 'opt-in' to a collective action before that party is aware of the pendency of the action"). Just as other courts have reasoned, the first stage's light burden, combined with any preliminary discovery a Court might allow, should be sufficient to alleviate such concerns. Pérez, 959 F.Supp.2d at 232, n. 4. In their motion, plaintiffs have demonstrated that at least one additional aggrieved employee has affirmatively, clearly, and directly indicated her desire to Opt-in to the case.

BPPR objects that the additional Opt-in plaintiff does not have a cognizable FSLA overtime claim. The objection overlooks that plaintiffs are additionally claiming that BPPR failed to maintain accurate records for *all* time plaintiffs allegedly worked. In these circumstances, conditional certification is warranted. The record does not, however, support a similar conclusion as to work in BPPR's Virgin Island branches.

For a class to extend beyond the named plaintiffs' own work location, plaintiffs must demonstrate that employees outside of the work location for which the employee has provided evidence were similarly affected by the employer's policies. Travers v. JetBlue Airways Corp., 2010 WL 3835029, *2 (D.Mass. 2010). Although a plaintiff need not "demonstrate the existence of similarly situated persons at every location in the proposed class, they must demonstrate that there existed at least one similarly situated person at a facility other than their own." Johnson, 802 F.Supp.2d at 236. No such demonstration has been made as to employees in the Virgin Islands.

Case 3:13-cv-01880-PAD   Document 81   Filed 02/18/15   Page 7 of 7

Quiles Mejías, et al. v. Banco Popular de Puerto Rico. et al.
Civil No. 13-1880 (PAD)
Opinion and Order
Page 7

### IV. CONCLUSION

In view of the foregoing, plaintiffs' motion at Docket No. 43 is GRANTED IN PART AND DENIED IN PART.  Their request for conditional certification is GRANTED as to the following class:

> Employees who are or have been at any time from December 2, 2010[3], employed by Banco Popular and working in Puerto Rico as a non-exempt hourly bank teller, hostess or other similarly-titled positions.

Plaintiffs' request for an oral hearing is DENIED as unnecessary.  BPPR shall provide to the plaintiffs, on or before March 18, 2015, the name and last known address(es) of the putative class members.  Considering defendants' objections to the proposed notice (Docket No. 47 at p. 17), the parties shall meet and submit by March 4, 2015, a Stipulated Notice for the Court's review.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of February, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[3] The Complaint in this case was filed on December 2, 2013.