IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NEYSHA QUILES MEJIAS, et al.**

    **Plaintiffs,**

                **v.**                 **CIVIL NO. 13-1880 (PAD)**

**BANCO POPULAR DE PUERTO RICO, et al.**

    **Defendants.**

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Plaintiffs initiated this action on their behalf and on behalf of other similarly situated individuals against Banco Popular de Puerto Rico, Popular Inc., Banco Popular North America a/k/a Popular Community Bank, Carlos J. Vázquez, and Richard Carrion, claiming entitlement to compensation for time worked under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and the Puerto Rico Wage Payment Statute, P.R. Laws Ann. tit. 29 § 271, *et seq.* (Docket No. 3). The parties settled the claims, but serious disagreement remains as to the proper award of attorney's fees and costs. Before the court is "Plaintiffs' Motion for Attorney Fees and Reimbursement of Expenses" (Docket No. 157), which defendants opposed (Docket No. 164), plaintiffs replied (Docket No. 169), and defendants surreplied (Docket No. 175). For the reasons discussed below, the motion is DENIED, albeit without prejudice.

In the First Circuit, attorneys seeking fee awards must provide detailed contemporaneous time records to avoid a substantial reduction in any award, or in egregious circumstances, disallowance. Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984). No such records were provided in support of the request for fees. Moreover, as to costs, a plaintiff must not only show that the costs claimed are recoverable, but must provide sufficient detail and documentation

Quiles Mejías, *et al.* v. Banco Popular de Puerto Rico. *et al.*
Civil No. 13-1880 (PAD)
Memorandum and Order
Page 2

regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court. Failure to submit supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs. Reis v. Thierry's Inc., 2010 WL 1249076, *3 (S.D.Fla. March 25, 2010). Plaintiffs did not submit any such documentation, nor explain the items for which an award of costs is sought.[1]

In consequence, plaintiffs may refile their motion not later than November 1, 2016, with contemporaneous time records describing the specific work done and time spent on each such work the day it was performed by each of the attorneys on whose behalf payment of fees is requested. If no such records exist, they should so certify, discussing with reference to relevant caselaw, the effect of not having presented those records in the analysis of fees to be awarded. Similarly, the motion must include an explanation of the items for which costs are requested, and must be accompanied by documents (such as receipts), in support of the expenses claimed as recoverable costs. The court will consider the request for fees and costs anew upon filing in conformity with this Order.

**SO ORDERED.**

In San Juan, Puerto Rico, this 20th of September, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge

---

[1] For example, plaintiffs request $12,136.59 for "travel expense" without providing details about the travel or the expenses incurred (Docket No. 157-3 at ¶ 8).